## RITTER v. PATCH, TAX COLLECTOR.

An injunction will not lie to restrain the collection of taxes due on property, unless it be shown that the injury resulting from the collection, to the owner, would be irreparable. An averment of this character must appear in the bill, and if denied, it must be sustained at the hearing.

A tax is not a cloud upon the title to real estate; and its unlawful collection, by distress or seizure of chattels, is no more than an ordinary trespass.

APPEAL from the Fourth District, County of San Francisco.

This was an action to restrain the defendant, as Tax Collector of the City and County of San Francisco, from the collection of a large amount of State and county tax, assessed upon the property of the plaintiff. The bill avers a number of irregularities in the assessment, and in general terms charges, that if the defendant is allowed to enforce the collection of the tax, " great and irreparable injury will be done him," (plaintiff). There is no averment in the bill, showing in what manner this injury would result to the plaintiff, nor is there any charge that defendant is not able to respond in damages for such illegal act.

The Court below issued the injunction upon the complaint, and at a final hearing of the case, decreed that the injunction be made perpetual, and the defendant be forever restrained from the collection of said tax. Defendant appealed to this Court.

*Shafter, Park & Heydenfeldt* for Appellant.

*J. B. Hart* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Injunction to restrain the defendant from proceeding to collect a tax on personal property.

Waiving other obstacles of a very serious import, which oppose the plaintiff's proceeding, we think that the bill states no sufficient ground for equitable interposition. The remedy by injunction is unauthorized in cases like this, except where the injury is irreparable, if, indeed, that furnishes a sufficient ground for interference. This must appear in the bill by some issuable averment, and be sustained, if denied at the hearing. It is not shown that the Tax Collector would not be able to respond in damages. On the contrary, he asserts that he and his sureties are amply able to answer in any damages incurred by proceeding to collect the tax. The tax is no cloud upon the title of real estate, and its collection, by distress or seizure of chattels, is no more than an ordinary trespass, if the tax be illegal, or the conduct of the officer unauthorized. The New York cases (1 Abbott, 4 ; *Ib.* 79 ; *Ib.* 250) go much further than it is necessary for us to go, in this respect. But, if the principle contended for be adopted, Chancery might restrain, from anything we can see to the contrary, every threatened, unauthorized invasion of real or personal property. This would be to throw into Chancery a great portion of all the torts committed or threatened.

Judgment reversed and bill dismissed.