# Charleston.

## WHITE SULPHUR SPRINGS CO. vs. WELLINGTON HOLLY, TREASURER, et al.

### January Term, 1871.

Where there is no averment in a bill of injunction, seeking to restrain the collection of taxes on the ground that the persons who made, or pretended to make, the levy, were not regularly elected or qualified to do so, that any irreparable damage will be done if the collection is allowed to proceed, nor even that the officer seeking the collection is insolvent, and that an action at law against him would be unavailing, it is not error to dissolve the injunction, as the remedy at law is complete and adequate.

Bill of injunction, brought in the circuit court of Greenbrier county, on the 4th of January, 1869; dissolved January 15th, 1869.

The opinion of Judge Maxwell states the cause.

Hon. N. Harrison, Judge of the circuit court of Greenbrier county, presided on the hearing of the cause.

*H. M. Mathews* for the appellant.

*J. W. Davis* for the appellees.

"An injunction is an appeal to the extraordinary power of the court, and the plaintiff is bound to make a case, showing a clear necessity for its exercise." Hilliard on Inj., p. 10, § 16. "That full compensation can be had at law, is the great rule for withholding the strong arm of the chancellor." Id., p. 15, § 23, note (a), and § 23. Section 30 cites a strong case. A city ordinance void. The court will

598          COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,      White Sul. Springs Co. vs. Holly, Treas'r, et al.      1871.

not enjoin. A prayer for injunction to restrain a trespass, which does not appear to cause irreparable injury, is fatally defective. Id., § 3, of chap. 10.

Injunction will not be granted for *an irregularity in the assessment of the tax;* nor upon a distraint by the treasurer, where the tax is unconstitutional. (In this case no distress has been made). If the law is unconstitutional or the tax irregular, the treasurer is a trespasser, and he is liable at law. Id., chap. 24, § 2, pp 385 and 387.

Injunction will not be granted to prevent a repetition of a trespass. *Stevens* v. *Buckman,* 1 Johnson's Chy. Rep., 318. It is only where the trespass will work irreparable injury that injunction will be granted. Eden on Injunction, 140.

In the *Trustees of Paris* v. *Berry,* 2 J. J. Marshall, (Ky.,) 483, the trustees were proceeding to collect a tax without authority, as the bill charged, and the court refused to enjoin, because the party had a plain remedy at law.

In this case the remedy at law was plain and complete. A writ of prohibition would have stopped the board from proceeding contrary to law, or the plaintiff might have waited until his property was seized, and then have sued in trover, trespass or detinue, and have given bond and retained the property, under chapter 102, of Code of West Virginia, until the trespass was tried.

The same company tried a like question in the case of the *White Sulphur Springs Co.* v. *Robinson,* 3 West Va. Rep., upon similar grounds, and the court refused the injunction.

The plaintiff laid by for nearly two years, and permitted the board to employ teachers and incur expenses, and it will not now be permitted to say the levy was illegal.

*Tash* v. *Adams,* 10 Cushing, 252, cited on page 25 of Hilliard on Injunctions.

MAXWELL, J. The White Sulphur Springs company obtained an injunction to restrain Wellington Holly, treasurer of White Sulphur township, and all other persons, from collecting taxes, levied on its property to the amount of 700

dollars, levied by the school commissioners of said township, on the property of said company.

The bill avers that the persons who made, or pretended to make the levy, were not at the time they made or attempted to make the levy, regularly elected and qualified school commissioners.

The bill also avers that the said levy of 700 dollars, is based upon the valuation of 1860, which has since been reduced one-half.

There is an averment that the said treasurer is about to collect the said levy.

The defendants filed their answer, and on their motion the injunction was dissolved, and the complainant has appealed from the order dissolving the injunction.

The counsel for the appellant alleges that the motion was made to dissolve the injunction, and that the order dissolving it were both made before the answer was filed, although it appears from the record that the answer was filed first, and asks this court to consider the case, as if the answer had not been filed when the said order was made.

Whether the answer was filed before or after the order was made, cannot be material, because the bill upon its face does not show any grounds for an injunction.

There is no averment in the bill, that any irreparable damage will be done the plaintiff if the collection of the levy is allowed to proceed. There is not even an averment that the treasurer is insolvent, and that an action against him at law would be unavailing.

If every averment in the bill is true, there is an adequate and complete remedy at law for all the wrongs which may be done the plaintiff.

The order dissolving the injunction ought, therefore, to be affirmed, with damages and costs to the appellees.

The other judges concurred.

DECREE AFFIRMED.