The City of Delphi *et al. v.* Bowen.

THE CITY OF DELPHI ET AL. *v.* BOWEN.

INJUNCTION.—*Taxes.—Illegal Assessment.—Pleading.*—A complaint to enjoin the collection of taxes must, to be sufficient, show, not mere irregularities in making the assessment, but that it is illegal and void.

SAME.—*City.—Irregularity.—City Clerk.—County Auditor.*—In an action to enjoin the collection of taxes assessed by a city, on the ground that the assessment was not made as a basis of taxation under the act of December 21st, 1858, 1 G. & H., p. 85, an averment that the assessment made was irregular because the city clerk had not procured from the county auditor the copy required by section 26, 1 R. S. 1876, p. 278, is insufficient, as it is the duty of the auditor to furnish the same to the clerk.

SAME.—*City Assessor.*—Where the appraisement made under said section 26 was adopted, it was not necessary to appoint a city assessor to make another assessment

SAME.—A general averment that the common council of the city had fraudulently and corruptly placed all the real estate in the city on the tax duplicate, without stating the particulars constituting the alleged fraud, is insufficient.

The City of Delphi *et al. v.* Bowen.

SAME.—An averment that certain lots alleged to have been illegally assessed were not taxable, not showing that they do not lie within the city territory, is insufficient.

SAME.—The laying out in lots and platting of land lying within a city does not take the same out of the city, nor exempt it from taxation for city purposes.

SAME.—*Remedy.*—Injunction is the proper remedy in this State to restrain the collection of an illegal tax.

From the Carroll Circuit Court.

*L. E. McReynolds*, for appellants.

*J. Applegate*, for appellee.

BIDDLE, C. J.—The complaint of the appellee against the appellants alleges the following facts:

That the city of Delphi is and was a municipal corporation, organized under the laws of the State of Indiana; that Samuel Barnett is treasurer of said city; that the plaintiff is and was a resident of said city, and the owner of certain real estate therein, described; that said city, for the years 1871 and 1872, through her officers, caused a tax to be assessed against said property, which is set forth and described, and caused said tax to be entered upon the tax duplicates of said city, as a charge against the plaintiff, and a lien upon his said property, amounting to nine hundred and twenty dollars and forty-two cents, and placed said duplicates in the hands of her said treasurer, and directed him to collect said taxes, penalty and interest thereon, from the plaintiff, by levy and sale of his property, if necessary; and said Barnett, for that purpose, levied upon four thousand pounds of wool, of the property of the plaintiff, and took possession of the same, has advertised and threatens to sell the same on the 17th day of October, 1873; that said tax was levied against the plaintiff's consent; that said assessment was not made as the basis of taxation, under "An act approved December 21st, 1858, and the acts amendatory, explanatory and supplementary thereto," nor did the clerk procure from the auditor of the county a

certified copy of such appraisement, nor had the common council of said city by ordinance ordered any appraisement of the real property within the limits of said city to be made as a basis of the assessment of taxes for said years, or either of them; that no appraisers had ever been elected or appointed to make an appraisement of the real estate within the limits of said city, and that no election has ever been held for that purpose, pursuant to the order of the said common council of said city or otherwise.

The second paragraph of the complaint is so essentially the same as the first, down to the levy and advertisement of the plaintiff's property, that we need not repeat its statements. The subsequent averments are as follows:

That said city had no other basis for the assessment of real estate within its limits than a schedule made out by William Barnett and John S. Armitage prior to the 15th day of September, 1871, which assessment, as to plaintiff's property, was as shown in the exhibit; that said Barnett and Armitage had no other warrant for making said appraisement than that conferred upon them by their appointment by the common council of said city as assistant assessors; that said appraisement embraced all the real estate within said city; that such appraisement, though unwarranted by law, was a fair and just valuation of said property; that before the commencement of this suit, and before any levy had been made upon his property, he tendered to said Barnett the sum of four hundred and fifty dollars, for the years 1871 and 1872, which was the amount due for taxes, penalties and interest, according to said appraisement, and still offers to pay the same as the court may direct; that said city did not adopt as a basis for the assessment of taxes for said years the appraisement so made by said Barnett and Armitage, and had no board of equalization to equalize appraisements; but the common council of said city unlawfully, corruptly and of their own motion, arbitrarily placed

upon the tax duplicate all the real estate of said city, in-
cluding plaintiff's, at greatly increased values, amount-
ing on plaintiff's property to more than two hundred
and fifty-one per cent.; that certain described lots be-
longing to the plaintiff are not subject to taxation by said
city, for the reason that such addition has been laid off
into lots and platted, and recorded in the recorder's office
of the county, and that the common council of said city
has never by resolution extended the boundaries of said
city so as to include said lots, and caused a copy of such
resolution, defining the metes and boundaries of such
addition, to be filed in the recorder's office of said county,
and the limits of said city had never been extended over
said addition by the consent of the plaintiff, who made out
and is the owner of said addition; that a portion of certain
described lands belonging to the plaintiff, lying between
Main street and Deer Creek, is a tract of land containing
more than five acres, and is part of a large body of land
used for farming purposes, not laid off into lots, blocks
or squares: and that no definite five acres thereof has
been designated by said city as subject to taxation for city
purposes, and that said tract does not lie within the cor-
porate limits of said city.

Prayer for perpetual injunction and other relief.

The complaint was verified by the affidavit of the ap-
pellee.

A demurrer, upon the ground of the insufficiency of
the facts stated to constitute a cause of action, was over-
ruled to each paragraph of the complaint, and exceptions
to the ruling reserved.

Subsequent proceedings were had, which resulted in a
finding by the court that there was due to the city, from
the appellee, the sum of four hundred and eighty-eight
and $\frac{28}{100}$ dollars in taxes, penalties and interest, which the
appellee paid into court; upon which the court decreed a
perpetual injunction, enjoining the collection of the bal-
ance of the taxes claimed for the years 1871 and 1872,

and that the levy on the property be set aside, and the goods returned to the appellee, and for his costs; to all which the city reserved exceptions.

A complaint to enjoin the collection of taxes must show that the assessment is illegal and void. Irregularities in the assessment, which do not render it illegal and void, are not sufficient to maintain an injunction. When a portion of the taxes assessed is valid, and another portion void, the plaintiff must pay or tender the valid portion, before he is entitled to equitable relief. These principles may be regarded as settled. 2 Dillon Munic. Corp., secs. 737, 738; High Injunctions, secs. 353-366; Hilliard Injunctions, pp. 504-520; *The Toledo, etc., R. R. Co.* v. *The City of Lafayette*, 22 Ind. 262; *Roseberry* v. *Huff*, 27 Ind. 12; *Jones* v. *Summer*, 27 Ind. 510; *The Board, etc.,* v. *Elston*, 32 Ind. 27; *Shoemaker* v. *The Board, etc.,* 36 Ind. 175; *Pugh* v. *Irish*, 43 Ind. 415; *Riley* v. *The Western Union Telegraph Co.*, 47 Ind. 511; *Livingston* v. *Hollenbeck*, 4 Barb. 9; *Mills* v. *Gleason*, 11 Wis. 470; *Merritt* v. *Farris*, 22 Ill. 303; *Munson* v. *Minor*, 22 Ill. 595; *Williams* v. *The Mayor, etc.,* 2 Mich. 560; *The Gulf Railroad Co.* v. *Morris*, 7 Kan. 210; *Palmer* v. *The Township of Napoleon*, 16 Mich. 176; *Merrill* v. *Humphrey*, 24 Mich. 170; *Heywood* v. *The City of Buffalo*, 14 N. Y. 534; *Dodd* v. *The City of Hartford*, 25 Conn. 232; *Cook County* v. *The C., B. & Q. R. R. Co.*, 35 Ill. 460; *Macklot* v. *The City of Davenport*, 17 Iowa, 379; *Dean* v. *Gleason*, 16 Wis. 1; *Mills* v. *Johnson*, 17 Wis. 617; *The Chicago & N. W. R. W. Co.* v. *The Borough of Ft. Howard*, 21 Wis. 45; *Howes* v. *The City of Racine*, 21 Wis. 521; *Judd* v. *The Town of Fox Lake*, 28 Wis. 583.

The first paragraph of the complaint avers the corporation of the city of Delphi, the residence of the appellee; that he owns property therein; that the city, through its officers, assessed the tax complained of; that the treasurer has levied upon the property of the appellee, and is

about to sell it to pay the tax. These proceedings, from the formal allegations in the complaint, appear to be regular; but, to show that the tax is illegal and void, it is also alleged, that the assessment was not made as a basis of taxation under "An act approved December 21st, 1858, and the acts amendatory, explanatory and supplementary thereto," 1 G. & H., p. 85; and that the clerk did not procure from the auditor of the county a certified copy of such appraisement; nor had the common council of said city by ordinance ordered any appraisement of the real property within the limits of said city to be made as a basis of the assessment of taxes for the years 1871 and 1872, or either of them. 1 R. S. 1876, p. 278, sec. 26.

It is also alleged, to show that the tax sought to be enjoined is illegal and void, that no appraisers have ever been elected or appointed to make an appraisement of the real estate within the limits of said city, and that no election has ever been held for that purpose pursuant to the order of said city council or otherwise.

The averment, that the assessment was not made as a basis of taxation under the act of December 21st, 1858, is insufficient, in not showing wherein it was not so made, in some substantial manner that vitiated the assessment and rendered the tax void. The averment, that the clerk did not procure from the auditor of the county a certified copy of such appraisement, is a mere informality in reference to the directory part of the statute. It was not the duty of the clerk of the city to procure such copy; it was the duty of the auditor to furnish it (sec. 26, *supra*), and, when so furnished, it was the duty of the clerk to record it upon the city duplicate. The averment does not show but what this was done. To be sufficient, it should have shown that it was not done. The whole averment does not show that the city did not substantially adopt the appraisement under section 26, above cited; and, if adopted, it was not necessary to elect or appoint a city assessor for the purpose of making another

appraisement, nor to pass any ordinance to authorize another assessment.

It does not appear to us, that any substantial departure by the city of Delphi from the law, in assessing the taxes complained of, has been shown in the first paragraph of the complaint. For a mere non-compliance with the directory part of the statute, aside from which the assessment of the tax is substantially regular, or when the irregularities relate only to the time in which the different steps were taken, and do not affect the just principles of taxation, or the groundwork of the proceedings, relief in equity will not be granted. Such irregularities are mere technical defects, difficult to wholly avoid, and do not render the tax so assessed illegal or void. High Injunctions, sec. 356, and *Mills* v. *Gleason,* 11 Wis. 470.

In the second paragraph of the complaint, after alleging the assessment, levy of the tax, and the proceedings to collect it, as in the first paragraph, it is averred, that the city had no other basis of assessment than a certain "schedule" made by Barnett and Armitage, which the city did not adopt, and which was not authorized by law. We do not see what importance this "schedule" or assessment has in the case. The appellee could not set up a different assessment from that upon which the city acted to show that the latter was illegal and void, and adjust his taxes to what he avers to be an unauthorized assessment, make his tender accordingly, and thus justify the non-payment of taxes according to the assessment adopted by the city. This does not show, nor in the least tend to show, that the assessment adopted by the city was illegal and the taxes void.

It is also averred, that the common council unlawfully, corruptly, and of their own motion, arbitrarily placed upon the tax duplicate all of the real estate of said city, including the appellee's, at greatly increased values; but wherein this proceeding was unlawfully, corruptly or arbitrarily done, or as to what stand-

ard or basis these values were increased, or whether such values were improperly assessed, is not shown. The facts which show the alleged fraud, and the facts which show wherein the assessment is illegal, and the tax void, must be averred. It is not sufficient to allege fraud and illegality in general terms. Nor is the allegation sufficient that certain described lots are not taxable, because the common council has never by resolution extended the boundaries of the city so as to include them, and that the limits of said city have never been extended over said addition with the consent of the appellee, who laid out and owns the same.

It is not necessary thus to annex territory to the city, except when lots have been laid off and platted adjoining the city.

There is nothing in this averment to show that the ground upon which the lots were platted was not within the city limits before they were so laid off; and, if so, the laying off and platting it into lots would not take it out of the city. They are called, by way of recital, but not by averment, an addition; but this may mean no more than an addition to the lots of the city. 1 R. S. 1876, p. 310, sec. 84.

The averment that the lots were not within the limits of the city at the time they were taxed should have been made directly as a fact, and not left to the indefinite inference to be derived from other facts. All the facts alleged may be true, and yet the lots be within the city of Delphi.

It is also averred, that the land lying between Main street and Deer Creek contains more than five acres, and is part of a large body of land used for farming purposes, not laid off into lots, blocks or squares; that no definite five acres of said land have been designated by said city as subject to taxation for city purposes, and that said tract does not lie within the corporate limits of the city. It is not necessary that the part of the land used

for farming which lies outside of the city limits should be laid off into lots, blocks and squares; and it does not show that the part which lies within the city is not laid off into lots and subject to taxation by the city; nor does the averment, " that said tract does not lie within the corporate limits of the city," show but that the part of it which is taxed lies within the city and is subject to taxation.

The allegations taken in their widest meaning do not show such irregularities as render the assessment illegal and the tax void. *The City of Logansport* v. *Seybold,* 59 Ind. 225.

In those States where law and equity are administered separately, and by different modes of procedure, an injunction will not lie to prevent the collection of even a void tax, unless the case presents some peculiar ground for equity jurisdiction, as the prevention of a multiplicity of suits, or the removal of a cloud upon title, or when an action at law can not afford an adequate remedy. But in this State, where the distinctions between actions at law and suits in equity and the forms of actions are abolished, the remedy by injunction, to restrain the collection of an illegal and void tax, may be sought at once.

The principles involved in this case are fully discussed in the following decisions, as well as in the authorities already cited : *Greencastle Township* v. *Black,* 5 Ind. 557 ; *Nill* v. *Jenkinson,* 15 Ind. 425 ; *Noble* v. *The City of Indianapolis,* 16 Ind. 506 ; *Tousey* v. *Bell,* 23 Ind. 423 ; *Palmer* v. *Stumph,* 29 Ind. 329 ; *Musselman* v. *The City of Logansport,* 29 Ind. 533 ; *Wise* v. *Eastham,* 30 Ind. 133 ; *Sim* v. *Hurst,* 44 Ind. 579 ; *Knight* v. *The Flat Rock, etc., Turnpike Co.,* 45 Ind. 134 ; *Messeck* v. *The Board of Supervisors, etc.,* 50 Barb. 190 ; *McDonald* v. *Murphree,* 45 Miss. 705 ; *Ritter* v. *Patch,* 12 Cal. 298 ; *Burnes* v. *The Mayor, etc.,* 2 Kan. 454 ; *Hine* v. *Stephens,* 33 Conn. 497 ; *The State* v. *The Parkville, etc., R. R. Co.,* 32 Mo. 496 ; *Exchange*

*Bank* v. *Hines*, 3 Ohio State, 1; *Fremont* v. *County of Mariposa*, 11 Cal. 361; *White Sulphur Springs Co.* v. *Holly*, 4 W. Va. 597; *Taylor* v. *Thompson*, 42 Ill. 9; *Greene* v. *Mumford*, 5 R. I. 472; *Atlantic & Pacific R. R. Co.* v. *Cleino*, 2 Dillon C. C. 175; *Dows* v. *The City of Chicago*, 11 Wal. 108; *Lockwood* v. *City of St. Louis*, 24 Mo. 20; *The Susquehanna Bank* v. *The Board*, etc., 25 N. Y. 312; *Loud* v. *City of Charlestown*, 99 Mass. 208; *Bond* v. *The City of Kenosha*, 17 Wis. 292; *Phillips* v. *The Town of Albany*, 28 Wis. 340.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to sustain the demurrers to the first and second paragraphs of the complaint, and for further proceedings.

Opinion filed at November term, 1877.

Petition for a rehearing overruled at May term, 1878.

