## JONES v. THE CITY OF COLUMBUS ET AL.

TAXES.—*Powers of City as to Appraisement of Real Estate.—Constitutional Law.*—Under section 26 of the act on the subject of the incorporation of cities, etc., 1 R. S. 1876, p. 278, cities are given two modes of ascertaining the value of real estate within their limits for the purpose of taxation : First, by adopting the appraisement made under the law for general tax-

Jones *v.* The City of Columbus *et al.*

ation ; and, second, by causing it to be appraised ; and these provisions are constitutional.

SAME.—*Equalization.*—When a city council has adopted the appraisement which has been made by the township assessor, that appraisement becomes the basis of the assessment of city taxes ; and such council has no authority to add to the appraisement thus adopted, by way of equalizing the same or otherwise.

SAME.—The fact, that the copy of the appraisement is certified to the city clerk before the board of commissioners of the county has met as a board of equalization, does not authorize the common council to equalize the appraisement for the purpose of city taxation ; but such council may, perhaps, adopt the appraisement as equalized by the county board of equalization.

From the Bartholomew Circuit Court.

*F. T. Hord,* for appellant.

WORDEN, J.—This was an action by the appellant, against the appellees, to enjoin the collection of certain taxes.

The complaint was in two paragraphs, to the first of which a demurrer for want of sufficient facts was sustained. To the second the defendants answered specially, and a demurrer to the answer for want of sufficient facts was overruled ; and, the plaintiff declining to reply to the answer, judgment was rendered for the defendants. The rulings on the demurrers are here assigned for error.

The first paragraph of the complaint alleged, in substance, that the city of Columbus was organized under the general law of the State, and that the defendant Kraining was the treasurer thereof; that the plaintiff was the owner of lot numbered 161 in the city, and that the treasurer had then in his possession the tax duplicate of the city, and claimed that there was due from the plaintiff to the city, for taxes on the lot mentioned, for the year 1875, the sum of one hundred dollars, and threatened to seize and sell the plaintiff's property for the payment of the tax ; that the plaintiff's property was never assessed for the year 1875 by the officers of the city ; that no portion of

the property in the city was so assessed, but instead thereof the common council of the city adopted an ordinance, on the 15th day of April, 1875, providing that the valuation of the real estate and the improvements thereon made by the appraiser of real estate in Bartholomew county, be adopted for the purpose of taxation for the year 1875; that there was no appraisement of the real estate in the city by the city appraisers, but that the city appraisers did appraise the personal property in said city; and that no part of the tax in controversy was assessed upon personal property. The plaintiff says that said assessment is illegal and void, for the reason that the act of the Legislature, giving cities the option to adopt the county assessment, is unconstitutional.

The second paragraph of the complaint alleged, in substance, that, on the 15th day of April, 1875, the common council of the city of Columbus adopted an ordinance, wherein it was provided that the valuation of all real estate and improvements thereon, within the city, made by the appraiser of real estate for the county of Bartholomew, or for the township of Columbus, be adopted as the valuation of such real estate and the improvements thereon, for the purposes of city taxation for the year 1875; that the plaintiff was the owner of lot numbered 161 in said city; that the same was assessed by the county appraiser for said year at three thousand six hundred dollars, the lot being appraised at one thousand one hundred and twenty-five dollars, and the improvements at two thousand four hundred and seventy-five dollars; that, after the adoption of said ordinance, a list of said appraisement so made by the county appraiser was procured by the city council, and there was no appraisement made by any city appraiser or assessor; that, on the 7th day of July, 1875, the city council, without authority of law, met as a board of equalization for the purpose of

hearing grievances on account of the assessment of real estate, etc.; and on the same day the common council passed an order adding one hundred dollars to the valuation of the plaintiff's lot, and seven hundred dollars to the valuation of the improvements thereon; that the plaintiff was charged upon the tax duplicate of the city, then in the hands of the treasurer for collection, with the taxes upon his lot, as upon the value thereof and of the improvements thereon increased by the addition thereto of said sums of one hundred dollars and seven hundred dollars, as above stated; that the plaintiff had paid all of his taxes except that upon the eight hundred dollars thus added to the value of his lot and improvements; and that the treasurer threatens to seize and sell his property, to make the residue, etc.

The defendants answered, reiterating some matters that already appeared in the second paragraph of the complaint, and alleging, in substance, that the county auditor furnished to the city clerk a certified copy of the appraisement adopted by the ordinance, before the first Monday of June, 1875, and before the board of commissioners of the county sat as a board of equalization or in any manner corrected or equalized the same. We copy the following clause of the answer:

"And the defendants aver, that the common council of said city adopted the appraisement of the real estate within the corporate limits of said city, made by the assessor of Columbus township, within which said city is situate, as its own appraisement for the year 1875, and not as the corrected and equalized valuation of said real estate as determined by the county board of equalization; that said common council did, for said year 1875, make its own appraisement of the real estate and improvements thereon within the corporate limits of said city, and did make a list and assessment of the polls and personal property

therein, and, on the 2d day of July, 1875, met as a board of equalization, having previously given the regular notice of the time and place of the meeting of such board, and afterward, to wit, on the 7th day of July, 1875, and while acting as such board of equalization, to hear and determine all complaints and objections to the appraisement of the real estate and improvements thereon, polls and personal property, did equalize the value of the plaintiff's real estate and improvements thereon, and the said council regularly assessed the taxes thereon for municipal purposes for said year 1875. Wherefore," etc.

We proceed to consider the first paragraph of the complaint.

The 26th section of the act on the subject of the incorporation of cities, etc., 1 R. S. 1876, p. 278, provides, that, " As the basis of the assessment of taxes upon the real estate in every city in this State, incorporated under the provisions of this act, the common council of every such city shall adopt the appraisement of the real estate within the corporate limits of such city, made under an act entitled, ' An act to provide for the appraisement of the real estate, and prescribing the duties of officers in relation thereto (approved December 21st, 1858), and the acts amendatory, explanatory and supplementary thereto.' * * * " *Provided, however,* That instead of adopting the basis of the assessment of taxes upon the real estate of any city, as provided in this section, the common council of the city may, by ordinance, order and direct any appraisement of the real and personal property within the limits of such city to be made, and provide that such appraisement shall be the basis of the assessment of taxes upon such real estate for any year, any thing in this section to the contrary notwithstanding."

The section above in part quoted gives cities two modes of ascertaining the value of real estate within their

limits for the purpose of taxation : First, by adopting the appraisement made under the law for general taxation; and, second, by causing it to be appraised. It is objected that these provisions are unconstitutional, but we are of a different opinion. We are not able to point to any provision of the constitution that is violated by the legislation in question.

As the city had the right, for the purpose and as the basis of taxation, to adopt the appraisement which had been made, as alleged in the first paragraph of the complaint, it follows that the taxes were properly assessed, and that no error was committed in sustaining the demurrer to that paragraph.

We proceed to the answer to the second paragraph. We may remark that we have no brief for the appellees, and are therefore not informed of the ground on which it was supposed that the answer was sufficient.

When the city council adopted the appraisement that had been made by the township assessor, that appraisement became the basis of the assessment of city taxes, and we find no authority conferred upon the city council to add to the appraisement thus adopted, by way of equalizing the same or otherwise. The copy of the appraisement was certified to the city clerk before the board of commissioners of the county had met as a board of equalization; but this fact did not authorize the common council to take upon itself the duty of equalizing the appraisement for the purpose of city taxation.

Perhaps the common council might have adopted the appraisement, as equalized by the county board of equalization, had it been thus equalized, but nothing of this kind appears to have been done.

The 59th section of the act on the subject of cities, 1 R. S. 1876, p. 298, provides that "The common council, together with the clerk and assessor shall constitute the board

of equalization," and authorizes them to equalize the assessment that has been returned by the city assessor.

The city assessor, however, does not make any assessment of real estate, where the appraisement made by the township assessor is adopted, unless it be such real estate as has become subject to taxation since the last previous listing of property in the city, nor of any improvements except such new ones as have not been previously added to or included in the valuation already made. See sections 24 and 25, 1 R. S. 1876, pp. 276, 277.

It is not claimed in the answer, that the seven hundred dollars added to the valuation of improvements was for new improvements not included in the appraisement adopted.

The answer in question is perhaps a little contradictory. It first alleges that the common council adopted the appraisement made by the assessor of Columbus township, and afterward alleges, "that the common council did, for said year 1875, make its own appraisement of the real estate within the corporate limits of said city."

Taking the answer altogether, we can not construe it as alleging that the city directed an appraisement of the real estate in the city, in accordance with the proviso to the 26th section of the statute above set out.

An ordinance for that purpose was required, which is not alleged in the answer.

We construe the answer as showing that the common council adopted the appraisement made by the assessor of Columbus township as the basis of taxation. And we are of the opinion, that, having adopted that appraisement, the common council had no authority to add to it, by way of equalization or otherwise, the sum added to the value of the lot or that added to the value of the improvements. See *The City of Delphi* v. *Bowen*, 61 Ind. 29.

The demurrer to the answer should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.