Reed, P. J.,
delivered the opinion of the court.
Plaintiff in error is a foreign corporation doing business in this state, with established agencies and agents in Rio Grande county. Defendant in error was the county treasurer of such county. The county assessor assessed the premiums collected by the agents of plaintiff during the year 1892 in such county, and the county commissioners levied a tax; upon such assessment. The county treasurer, defendant, de *98 manded payment of the company, and, as alleged in the complaint, “notified” the plaintiff “that one half of the tax was due and payable and must be paid on or before the 81st day of January, 1898.”
And thei'eupon plaintiff filed a complaint asking an injunction to restrain the defendant from collecting the tax. In the absence of the district judge, the application was made to the county judge, who, on the 28th day of January, 1893, ordered a temporary writ of injunction to issue out of the district court as provided by law.
Counsel for defendant filed a general demurrer to the complaint, which was sustained, the temporary injunction was dissolved and a final decree dismissing the suit entered.
The only question for review in this court is the correctness of the judgment sustaining the demurrer.
The judgment of the district court must be affirmed. Tested by well settled rules in equity practice, the complaint was fatally defective, containing no allegation to warrant the court in granting injunctive relief, and no allegation giving a court of equity jurisdiction. A short anatysis of the complaint will be sufficient. The first allegation necessary to be noticed is the one to which reference has already been made, — that the defendant had notified the plaintiff that one half of the tax was due and must be paid on or before the 31st dajr of January, 1893. Here the matter rests; — no threat to proceed to collect nor any action whatever taken to enforce collection. The time had not expired under the notice. From all that appears, the officer might, at the expiration of the time designated in the notice, have abandoned all attempt at collection. Certainly a claim for money alleged to be due and notice that it must be paid by a given time is, of itself, no ground for equitable relief.
The aid of a court of equity can only be invoked in such eases, if at all, to prevent injuries from illegal acts and proceedings actually existing, or impending, — threatened proeeedin gs, — that would work irreparable in jury if not restrained by injunction. It will readily be seen how far short this alie *99 gation was of what was required. No steps to collect alleged, no threats to proceed to collection, and not even a fear expressed that the officer would proceed to collect. In the paragraph it is alleged that the assessment and levy “ were illegal and void in law, and wholly unauthorized,” etc. In what respect, or why, is not stated. It can at best only be regarded as the expression of an opinion by the pleader, and could not be regarded as conclusive by a court without investigation. The fact stated was one to be found by the court from facts and premises stated. His conclusion may have been correct, yet, of itself, it could not confer jurisdiction, nor warrant injunctive relief.
In the next paragraph it is alleged that the plaintiff had paid all legal claims for taxes for the year 1892, and had a receipt. This was only the expression of another opinion in keeping with the former, resting upon his own conclusion as to the legality of the tax remaining unpaid. If the conclusion was correct, he had, in the receipt, a full and complete defense at law to any proceeding for further collections.
The only other allegation to be noticed is the following:
“ That in case said defendant as treasurer of said county is permitted to collect said illegal tax of and from the said plaintiff for the year 1892, it will work great and irreparable injury to the said plaintiff by reason of the premises aforesaid.” To what preceding premises we are referred, that would make the injury irreparable, we are at a loss to know.
What constitutes “ irreparable injury ” is well marked and defined in the books. By the term is meant that the injury must be a grievous one, a material one, and not adequately reparable in damages. Damages are called “inadequate” when those which can be obtained at law are not such as will compensate and place the parties in the position in which they formerly stood. Kerr on Inj., *16, 17; 2 Story’s Eq. Jur., sec. 928; Pinchin v. Railway, 5 D. M. & G. 860; Earl of Ripon v. Hobart, 3 M. & K. 175 ; Lancashire R. Co. v. Hattersley, 8 Hare, 90; Owen v. Field, 12 Allen, 457; Colwell v. Mays Landing Co., 4 C. E. Green, 245.
*100 No principle is better established and more universally-recognized than that where there is an adequate remedy at law there is no ground to justify the interposition of courts of equity.
Authorities upon this point are unnecessary. But see 2 Story’s Eq. Jur., sec. 928 and note; 2 Pomeroy’s Eq. Jur., sec. 1338 and note.
In equity pleading it has been invariably held “ that the mere allegation of irreparable injury will not suffice to warrant an injunction, but the facts must appear on which the allegation is predicated in order that the court may be satisfied as to the nature of the injury.”
In High on Inj., sec. 34 and note: “ Nor will merely argumentative allegations or inferences from the facts stated suffice to meet the requirements of the rule.” McHenry v. Jewett, 90 N. Y. 58.
“Not the complainant, therefore, but the court, must be satisfied that a wrong is about to be committed which will be irreparable in its nature before the relief will be allowed.” 1 High on Inj., sec. 35, 491; Warfield v. Owens, 4 Gill (Md.), 364; Goodwin v. Railway Co., 43 Conn. 491.
So much as to the general principles controlling and the requisites of pleading necessary to confer jurisdiction upon a court of equity in ordinary cases. In cases of this kind, where it is sought to restrain proper officers from collecting taxes, courts of equity are even more carefully restricted in the granting of injunctions.
In Judge Cooley’s valuable work upon Taxation, p. 760, he says: “ It is not a matter of right that a party should have relief in equity on a showing of illegality in tax proceedings unless he can show in addition that his case comes under some acknowledged head of equity jurisdiction. The mere fact that the law has been or is about to be violated, even when the violation is accompanied with a threat to proceed against the party to enforce.an unlawful levy, will not of itself furnish any ground for equitable interposition. In ordinary cases a party must find his remedy in the courts of *101 law, and it is not to be assumed that he will fail to find one entirely adequate to his proper relief;” and the proposition is sustained by authorities cited in a footnote from nearly every state, and from the federal courts.
Individual suits to restrain collection of taxes are, if not prohibited, discouraged, and it is held that all persons belonging to the same class should join. It is said to be much better that the individual should pay, and apply for the refunding of the money with interest afterwards. Cooley on Tax., 762, and note. “Nor will the collection of a tax be enjoined in any case where it is not shown that the injury resulting from its enforcement would be irreparable, and this fact must distinctly appear by issuable averments.” 1 High on Inj., sec. 491; Ritter v. Patch, 12 Cal. 298; Coulson v. Harris, 43 Miss. 728.
It is also said : “ And where the tax collector and his sureties are able to respond in damages, there being no averments of irreparable injury, the complaining taxpayer will be denied relief by injunction against the collection of the tax and will be left to pursue his legal remedy for the trespass.”
In Dows v. City of Chicago, 11 Wall. 108, the supreme court of the United States held that a suit in equity would not lie to restrain the collection of a tax on the sole ground that it was illegal, and said: “ The illegality of the tax and the threatened sale of the shares for its payment constituted themselves alone no such ground for interposition. There must be some special circumstances attending a threatened injury of this kind, distinguishing it from a common trespass, and bringing the case under some recognized head of equity jurisdiction before the preventive remedy of injunction can be invoked. * * * It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a court of equity can be invoked;” and declares such rule to have been acted upon in all cases except those where the question of jurisdiction was either not raised or *102 waived. In this case the question of jurisdiction was raised by the demurrer. The allegations of the complaint were not sufficient to confer jurisdiction, and the demurrer was properly sustained. Counsel failing or refusing to amend, the judgment of dismissal was proper and warranted. The judgment and decree of the district court must be affirmed.

Affirmed.