## DYER *v.* ARMSTRONG and Others.

The R. S. 1843 had not been published in *April*, 1843.

*A.* died intestate, seized in fee of real estate, leaving *B.* and nine other children as his heirs. *B.* had received an advancement from *A.*, exceeding what would otherwise have been his portion of the estate. A judgment-creditor of *B.* having caused an execution to be levied on an undivided one-tenth part of the land, as the interest of *B.*, *C.*, who had purchased the interests of some of the other heirs, filed his bill to enjoin the sale on execution. *Held*, that the bill would lie.

The R. S. 1838 make no distinction between advancements in real and personal estate.

Nov. Term,
1854.

Dyer
v.
Armstrong.

Monday,
December 4.

ERROR to the *Decatur* Circuit Court.

Hovey, J.—Bill in chancery by *Armstrong* and others against *Dyer* and others, for a discovery, and to enjoin the selling of a certain tract of land. The Court decreed a perpetual injunction, and *Dyer* brings the case here on error.

The facts necessary to an understanding of this case, are, that *Joshua Isgrigg* departed this life in *April,* 1843, intestate, seized in fee of the tract of land in controversy, and leaving his widow and ten children as his heirs at law. His personal estate was of the value of about 200 and the land about 800 dollars. Previous to his death and the purchase of said land, he advanced to one of his sons, *George W. Isgrigg,* 100 dollars in money, which was given and received as an advancement in full of said *George's* part of his father's estate. After the death of *Joshua, Armstrong* purchased three undivided shares of the land. *Dyer,* having obtained judgment against *George W.,* caused an execution to be levied upon an undivided tenth part of the land, to prevent the sale of which the bill in this case was filed.

Counsel have argued this case as though it should be governed by the R. S. 1843, but that code was not published when *Joshua Isgrigg* died, and consequently had nothing to do with this case, as the law in force at the time of the death of the ancestor controls the rights of those who succeed to his estate.

The appellants' counsel objects to this mode of settling the question of advancement, and contends that the proper way of raising it, is, on making partition, or the distribution of the estate; but we think the general assembly, in enacting section 7, p. 238, and section 8, p. 427, R. S. 1838, intended to establish the principles which should govern advancements, and that those sections do not necessarily compel parties to resort to partition or distribution for the purpose of settling such questions. As the heirs and all the parties in interest are properly before the Court, we can see no reason why their rights should not be adjusted, the title quieted, and future litigation avoided. Sales may

be restrained in all cases, where they are inequitable, or may operate as a fraud upon the rights or interests of third persons. 2 Story's Eq., sec. 954.

The amount of 100 dollars, advanced to *George W. Isgrigg*, is more than his portion of his father's estate, and as the R. S. 1838 make no distinction between advancements in personal and real estate, he was not entitled to any part of the land in controversy.

DAVISON, J., having been concerned as counsel, was absent.

*Per Curiam.*—The decree is affirmed with costs.

*A. Davison*, for the plaintiffs.

*J. S. Scobey*, for the defendants.

