Ewing v. Batzner and Another.

APPEAL from the *Franklin* Common Pleas.

Ray, J.— The complaint alleges that the *Laurel Bank* returned to the assessor of the township in which it was located, the sum of $36,020 as the amount of its taxable property; that the auditor, without giving the notice required by statute, placed upon the duplicate the sum of $56,000 as chargeable against the bank for taxation, and that the auditor and treasurer of the county seized upon the property described in the complaint, and were about to sell the same for the taxes so assessed; that the property belonged to the plaintiff; that the bank had ceased to exist, and the plaintiff was the owner of most of its stock; that he had been compelled to give a bond to return the property, and he asked an injunction to prevent the sale. A restraining order was issued. Issues were formed and were submitted for trial, and the court rendered the following finding of facts:

1. That the *Laurel Bank* was organized under the general banking law of the State of *Indiana*, passed and approved the 28th day of *May*, 1852.

2. That the said *John W. Ewing*, plaintiff, was, during the existence of the bank, a stockholder of said bank.

3. That *Wm. A. Doughty*, the president of said bank, returned to the assessor the sum of $36,020, as the value of the bonds, and the amount of the property on which said bank was taxable.

4. That the true amount which should have been returned by said *Doughty*, against said bank, is $40,750.

5. That after the return made by the said *Doughty*, the auditor of said county placed upon the duplicate, against said bank, the sum of $56,250, instead of the sum of $36,020, so returned by said assessor to said auditor, and that no notice was given said *Doughty*, or any officer or stockholder of said bank, that any change in the

amount of said assessment was to be made; and that taxes were assessed thereon, against said bank, to the amount of $559 49.

6. That the amount of tax on said sum of $36,020, so returned by the said *Doughty* to said assessor, with interest, and without any penalty, is $415 00.

7. That all the property seized by said treasurer, for the payment of said tax, was, and is, the individual property of the said *John W. Ewing*, except one new iron safe, which said safe is the property of said bank, and of the value of $200.

8. That said *Ewing*, after the seizure of said property, replevied the same, executed his delivery bond therefor, and received the same into his possession. That upon the trial of said cause it was adjudged that said property, except said iron safe, was the property of said *Ewing*, and that said safe was the property of said bank, and subject to the tax assessment, and to levy and sale by the defendants, and was of the value of $200. That, afterward, said *Ewing* was called upon by said treasurer for said property, to be sold for the purpose of making the amount of said tax, and $145 24, interest, penalty and costs thereon; that *Ewing* executed a bond for the delivery of the same, and retained the possession thereof, and thereupon commenced this suit.

The plaintiff moved the court for judgment in his favor, upon the above facts, but the court overruled the motion. The plaintiff then moved for a new trial, but this motion was also overruled.

The judgment of the court was that the injunction heretofore granted, as to the sale of the new iron safe to pay taxes, be dissolved; that the plaintiff deliver to defendants said iron safe by the 15th of *September*, to be sold for the payment of said taxes, and that the treasurer proceed to sell the same to make the said taxes due from the *Laurel Bank;* that in default of the delivery of said

safe, the plaintiff pay to defendants $200. The injunction was made perpetual as to the other property.

Judgment was rendered against the plaintiff for two-thirds of the costs, and against the defendants for one-third.

We think the action of the court in dissolving the restraining order, and refusing the injunction to restrain the sale of the iron safe, the property of the bank, was correct. There is due upon the amount returned by the bank the sum of $415 00. The safe is only worth the sum of $200. We do not perceive any equity in the plaintiff's case. He does not offer to return the safe, which is the property of the bank; nor does he tender its value to be applied upon the taxes due on the amount actually returned by the bank. He has no standing in court to recover from the treasurer the property of the bank. He does not offer to do equity, and a court of equity will not lend him its aid to prevent the property of the bank from being subjected to the equitable lien for taxes.

The judgment is affirmed, with 10 per cent. damages, and costs.

*W. Morrow*, for appellant.

*G. C. Holland* and *C. C. Binkley*, for appellees.