Jones, Auditor of Benton County, and Another *v.* Summer.

INJUNCTION.—Where one appeals to a court of equity for an injunction, he must rely upon some substantial equity, and cannot avail himself of naked irregularities, or the neglect of mere forms, to shield himself from a liability confessed to be just.

APPEAL from the *Benton* Circuit Court.

Frazer, J.—This was a complaint by *Summer* against the auditor and treasurer of *Benton* county, to prevent, by injunction, the collection of taxes charged against him upon the tax duplicate. He avers that the auditor, "without right, and contrary to law, added to the amount of the assessment list sworn to and returned by the plaintiff," $7,000 for the year 1860, and $10,342 for the year 1861; that he

has paid all taxes legally assessed against him; that the treasurer has seized his property, &c.

The third paragraph of the answer shows, by averment, that the plaintiff's taxable personal property for 1860 and 1861 actually was as charged on the duplicates for those years; that the plaintiff's lists for those years were erroneous, stating the particulars wherein, showing gross undervaluations, and that large quantities of property had been by him wholly omitted from the lists made and returned by him to the assessor, and that the increase complained of had been made by order of the county board of equalization, duly entered. A demurrer having been sustained to this paragraph, the question thus raised is brought here for our consideration.

The only ground upon which the action of the court below is sought to be sustained is, that the auditor, upon notice, and not the board of equalization without notice, had lawful authority to correct undervaluations and omissions of property returned for taxation by individuals. 1 G. & H. §§ 86, 91, p. 96. Though this is the only question argued by counsel, we think that the case does not call for or depend upon its decision. A tax-payer who admits, as the plaintiff by this demurrer does, that in returning a list of his taxables, required by law to be true, as to the number and value of the items of his personal property, he, by mistake, gave 700 cattle as of the value of $7,000, which were in truth of the value of $14,000; 2,000 bushels of corn as worth $300, when in fact he had three times the quantity, of four times the value; who places his hay at $40, being one-tenth of its actual value, and so on, may possibly find, in the strictness of the law, some method of avoiding the payment of the full amount of the taxes which are justly due by him to the government which protects him in his possessions, and which have been correctly charged to him in the proper office, if it was not in the exact manner required by the rigid letter of the statute. But when he appeals to a court of equity, and invokes its extraordinary writ of injunction, he must rely upon

some substantial equity, and cannot avail himself of naked irregularities, or the neglect of mere forms, to shield himself from a liability confessed to be just. It would be difficult to imagine a case more utterly barren of equity than this, if this answer be true. He committed serious errors in his lists, which in conscience, and as a good citizen, he ought voluntarily to have corrected, but did not. They were corrected, and now he asks to be secured in an advantage as the fruit of his own blunder, merely because the correction, though just, was directed by the wrong authority and without notice to him. The writ of injunction cannot issue for such a purpose without disregarding both principle and authority. *Ewing* v. *Batzner*, 24 Ind. 409; *Harrison* v. *Haas*, 25 *id.*, 281. The case of *The Chicago, &c., R. R. Co.* v. *Frary*, 22 Ill. 34, was much like this in its facts, except that there was no admission that the taxes were proper in themselves. The record was merely silent on that point. The injunction was refused. The decision is put upon solid grounds of public policy, and the jurisdiction of equity in the case held not to exist. See, also, *McBride* v. *The City of Chicago*, *id.* 574.

The decisions of this court heretofore, in restraining the collection of taxes, have gone to the utmost extent of authority. If we should now take the step required in this case to sustain the ruling below, we would be without the support of either reason or precedent, and the collection of public taxes would, upon the warrant thus given, be constantly arrested at the instance of those who seek to escape their just share of the public burdens.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer to the third paragraph of the answer.

*H. W. Chase* and *J. A. Wilstach*, for appellants.

*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.