# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1884, IN THE SIXTY-EIGHTH
YEAR OF THE STATE.

------

### No. 11,632.

### BISHOP *v.* MOORMAN ET AL.

INJUNCTION.—*Judgment.*—*Execution.*—*Parties.*—*Equity.*—The owner of land
is entitled to an injunction restraining the sheriff from levying an exe-
cution thereon, issued upon a judgment against other persons, and in an
action to which he was not a party; and the execution plaintiff is a
proper, if not a necessary, party to the action.

From the Jay Circuit Court.

*D. T. Taylor, J. M. Smith* and *T. Bailey,* for appellant.

*J. M. Haynes, W. A. Thompson* and *J. W. Thompson,* for
appellees.

ELLIOTT, C. J.—The complaint of the appellant alleges that
the sheriff is about to levy upon lands owned by him an ex-
ecution issued upon a judgment rendered against other
persons, and in an action to which he was not a party. The
prayer is for an injunction restraining the sheriff, one of the
appellees, from selling the land.

The appellant contends that his land can not be sold upon
a judgment and execution against other persons, and that he
is entitled to an injunction restraining the sheriff from selling,

for the reason that the sale would cast a cloud upon his title. The appellees' position is that no case for injunction is made because the sale would be void, and a void sale would not cloud the title.

It is perfectly clear that the appellant's land can not be sold to pay somebody else's debt, but it does not follow from this that he has no right to enjoin the sheriff from selling his land. There can be but little, if indeed any, doubt at all, that under our decisions a case is made for an injunction, for they uniformly hold that a land-owner may restrain an officer from doing, under color of official authority, an act that may injure the marketable value of his title by clouding it. This principle has found most frequent application in cases of threatened sales for taxes, and the uniform ruling in such cases has been that a sale for a tax absolutely void will be enjoined. *Greencastle Tp.* v. *Black,* 5 Ind. 557; *Riley* v. *Western Union Tel. Co.,* 47 Ind. 511; *Abbott* v. *Edgerton,* 53 Ind. 196; *City of Delphi* v. *Bowen,* 61 Ind. 29; *Morrison* v. *Bank of Commerce,* 81 Ind. 335; *Toledo, etc., R. R. Co.* v. *City of Lafayette,* 22 Ind. 262; *Hamilton* v. *Amsden,* 88 Ind. 304; *Eversole* v. *Cook,* 92 Ind. 222; *Goring* v. *McTaggart,* 92 Ind. 200. We have a great number of cases holding that void assessments for ditches, gravel roads, and the like, may be enjoined, and there are many cases holding that the enforcement of a void judgment may be prevented by injunction. It is impossible to distinguish in principle between cases of the character to which we have referred and such a case as the present, and they should be regarded as decisive of the question here at issue, but we have cases even more closely resembling the present. In *Shaw* v. *Williams,* 87 Ind. 158 (44 Am. R. 756), it was held that a sale upon an illegal notice might be enjoined, and in *Dyer* v. *Armstrong,* 5 Ind. 437, it was said: "Sales may be restrained in all cases, where they are inequitable." An injunction will lie to restrain the collection of a judgment obtained without notice. *Grass* v. *Hess,* 37 Ind. 193.

The sale of land under color of judicial process is more

than a mere fugitive trespass; it is the assertion of a permanent right to the land and a full denial of the owner's title, and the rule is, that where there is an assertion of a permanent right to land the owner may maintain injunction if the right asserted is unfounded. *Erwin* v. *Fulk*, 94 Ind. 235; *Kyle* v. *Board, etc.*, 94 Ind. 115. An assertion of a right to seize land, when made under color of official authority, clouds title, and it has always been a well recognized equity doctrine that injunction will lie to prevent clouds from being cast upon an owner's title. It is true that there are decisions of other courts holding that where the act, though done under color of authority is void, no cloud is created, and, therefore, injunction will not lie; but the theory of our cases has always been that a void act, when done under apparent legal authority, does cloud title. This rule is supported by weighty authority, and is a reasonable one. It can not be doubted that a man's title is, as to its marketable value, injured by the deed of a sheriff conveying it to some one else, and a man having a title is entitled to it in all its vigor and value. No reason in law or morals can be found that will justly support the position of one who resists an injunction, where he concedes he is acting under color of authority, but in fact has none, and is using that authority to seize and sell without right, or the semblance of justification, the land of another. No one, we suppose, doubts that a property owner may quiet his title against an apparent claim, though it be never so empty, and if he may do this, surely he may by injunction prevent that apparent claim from clouding his title, without delaying until it has assumed that shape.

An able author has given this subject careful consideration, and he fully sustains the doctrine which has found favor from this court. In speaking of the opposite view, he says: "While this doctrine may be settled by the weight of authority, I must express the opinion that it often operates to produce a denial of justice. It leads to the strange scene, almost daily, in courts, of defendants urging that the instru-

ments under which they claim are void, and therefore that they ought to be permitted to stand unmolested; and of judges deciding that the court can not interfere because the deed or other instrument is void; while from a business point of view, every intelligent person knows that the instrument is a serious injury to the plaintiff's title, greatly depreciating its market value; and the judge himself, who repeats the rule, would neither buy the property while thus affected, nor loan a dollar upon its security. This doctrine is, in truth, based upon a mere verbal logic, rather than upon considerations of justice and expediency." 3 Pomeroy Eq., sec. 1399.

It is argued that the appellant's legal remedy is perfect and complete, and therefore he has no right to ask the assistance of a court of equity. This entire argument rests on an undue assumption. The law, using that term in a limited sense and as opposed to equity, furnishes no remedy for quieting title. One in possession could secure a decree quieting title only from a court of chancery, and never from a court of law; in such cases no remedy at all was obtainable from the common law courts. An action of trespass might give damages, but it could not clear title. There is, therefore, no adequate legal remedy. The rule upon this subject is thus stated by the Supreme Court of the United States: "It is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its prompt administration, as the remedy in equity." *Watson* v. *Sutherland,* 5 Wall. 74. In many cases this rule has been adopted and enforced by this court. *English* v. *Smock,* 34 Ind. 115 (7 Am. R. 215), *vide* opinion p. 124; *Elson* v. *O'Dowd,* 40 Ind. 300, *vide* opinion p. 302; *Clark* v. *Jeffersonville, etc., R. R. Co.,* 44 Ind. 248; *Thatcher* v. *Humble,* 67 Ind. 444; *Spicer* v. *Hoop,* 51 Ind. 365, see p. 370; *Bonnell* v. *Allen,* 53 Ind. 130. The principle involved in the rule stated has been carried much further than it is necessary for us to carry it in this case. Thus, it has been held that an injunction will lie to restrain the enforcement of a judgment

shown by the record to have been annulled. *Rickets* v. *Hitchens*, 34 Ind. 348. So, it has been held that a sale upon a judgment satisfied of record will be enjoined. *Bowen* v. *Clark*, 46 Ind. 405. A tenant by entirety may enjoin sale upon a judgment against his co-tenant of the land owned jointly, although the record discloses the character of the title and the nature of the judgment. *Hulett* v. *Inlow*, 57 Ind. 412 (26 Am. R. 64); *Davis* v. *Clark*, 26 Ind. 424.

The sale of property not subject to execution, as, for instance, the property of a municipal corporation, may be enjoined. *President, etc.*, v. *City of Indianapolis*, 12 Ind. 620; *Lucas* v. *Board, etc.*, 44 Ind. 524, 553. Of the class of cases just mentioned it may be said that the record much more clearly discloses the fact that no title can pass than in such a case as this, for, in the first named class of cases, a public law notifies the world that no title can pass by the sale, and there is, therefore, a much stronger application of the rule in such cases than is required in this. In the case of *First Nat'l Bank* v. *Deitch*, 83 Ind. 131, the court quoted, with approval from a work on injunctions, the following: "And it may be asserted as a general proposition, that a sale of lands under execution, which would confer no title upon the purchaser, and whose only effect would be to cloud the title of others, will be enjoined." 1 High Inj., 242. In view of the cases we have cited, we can not perceive that there can be any doubt that the controlling question in this case has been set at rest in this State.

Looking to the decisions of other courts, we shall find that our cases are not without firm support. In *Key City, etc., Co.* v. *Munsell*, 19 Iowa, 305, the case was in all material respects precisely like that under discussion, and it was held that injunction was the appropriate remedy. The opinion in that case was written by Judge DILLON, and makes clear the right there adjudged the plaintiff. The Supreme Court of California, in *Hickman* v. *O'Neal*, 10 Cal. 292, said: "The right of a party to enjoin a sale of his property

for another's debt is not denied, and is supported by several decisions of this court." We refer, without comment, to the following cases as sustaining our views. *Bank* v. *Schultz*, 2 Ohio, 471; *Norton* v. *Beaver*, 5 Ohio, 178; *Bennett* v. *McFadden*, 61 Ill. 334; *Vogler* v. *Montgomery*, 54 Mo. 577; *Uhl* v. *May*, 5 Neb. 157.

The case of *Cartright* v. *Briggs*, 41 Ind. 184, is not in point, for the facts are essentially different from those before us. In that case the main point of the decision is that the plaintiff had no title to the land which he sought to prevent the auditor from selling. The decision in *Trueblood* v. *Hollingsworth*, 48 Ind. 537, in so far as it is in point at all, is against rather than for the appellees; for the clear implication from it is, that a sale in such a case as this may be enjoined; but the point really decided in that case was, that the complaint was insufficient because it did not state such facts as gave color of authority to make the sale, and only alleged " empty threats." When the case cited was again before this court, it was expressly held that injunction would lie. *Hollingsworth* v. *Trueblood*, 59 Ind. 542. The decision in *Mead* v. *McFadden*, 68 Ind. 340, is that a widow can not enjoin the sale of lands of the husband upon executions received by the sheriff during the lifetime of the husband, and is not in point. What is there decided is that executions bound the husband's interest, whatsoever it was, and did not affect the widow's rights, and that the lien of the judgments was paramount to the widow's claim to the $500 allowed by law. No one of these cases is in conflict with those heretofore cited; nor can either of them exert any influence upon the decision of the present case.

The execution plaintiffs were proper, if not necessary, parties to this action, for they were the real parties in interest, and it was proper to bring them into court for the purpose of finally determining the controversy.

Judgment reversed, with instructions to overrule the demurrers to the complaint.

Filed Oct. 17, 1884.