Fahlor *v.* The Board of Commissioners of Wells County *et al.*

·No. 11,363.

FAHLOR *v.* THE BOARD OF COMMISSIONERS OF WELLS COUNTY ET AL.

GRAVEL ROAD.—*Taxes in Aid of.—County Commissioners.—Special Session.— Injunction.*—An order, made by a board of commissioners at a special session not legally convened, levying a special tax to aid in the construction of a gravel road, is illegal and void, and the collection thereof may be enjoined at the suit of a taxpayer.

SAME.—*Statute Construed.*—The sessions of the board of commissioners, pursuant to section 4441, R. S. 1881, are held for the sole purpose of receiving from the school trustees the reports therein provided for and taking action thereon, and the board has no power to transact any other business.

From the Wells Circuit Court.

*N. Burwell,* for appellant.

COLERICK, C.—This action was brought by the appellant to enjoin the collection of certain taxes levied upon and assessed against his lands by the appellee, The Board of Commissioners of Wells County, for the construction of a gravel road, and which the appellee John P. Deam, as county treasurer, was demanding, and threatening to collect.

Separate demurrers by the appellees, severally, to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, were sustained by the court, and the appellant refusing to amend his complaint, final judgment, on demurrer, was rendered against him, from which he has appealed to this court, and assigns as errors that the court below erred in sustaining said demurrers.

The complaint averred, in substance, that the appellant then was, and for more than ten years past had been, the owner of certain real estate therein described; that said board of commissioners had attempted to levy a special tax upon said real estate to aid in the construction of a gravel road designated " The Bluffton and Rockford Gravel Road," and had caused the auditor of said county to enter upon the tax duplicate provided for the purpose, against said real estate, a

tax of $218.40, to be paid in five years, in semi-annual instalments; that said duplicate for said tax for the year 1882 was then in the hands of said county treasurer for collection, and that he had demanded payment thereof, and was threatening to collect the same by distress and sale unless they were paid; that said taxes had created a cloud on the appellant's title to said real estate, and that the same had been assessed and entered upon said tax duplicate, under and pursuant to certain proceedings claimed and purporting to have been had before said board of commissioners, and under and in pursuance of its orders entered upon the record of the proceedings of said board, a copy of which was filed with the complaint. It was then averred that the proceedings for the levy and collection of said taxes, including the appointment of the three viewers and engineer to examine, view and lay out said gravel road, and all subsequent proceedings connected therewith, were defective, illegal and void, for the reason that said board of commissioners were not in legal session on the 20th day of October, 1881, when the petition was presented asking and praying for the construction of said gravel road, and when the order was made appointing said viewers and engineer, and fixing a day when they should meet and proceed to examine, view and lay out said gravel road; that the board was not in general session, because the law prescribed another and different time for such general session, and was not legally in special session, because no summons had been issued by the auditor, or any other officer of Wells county, to the sheriff of said county, convening the said board on that day, or any previous day from which the board had adjourned to that day; that no such notice was served on said board, nor on a majority thereof; that said board received the said petition for the construction of said gravel road, and appointed viewers and engineer to examine, view and lay out the same, on Thursday, the 20th day of October, 1881, and then claimed and pretended to be in legal session for the transaction of general business, and for the transaction of this particular business,

because the law authorized the said board to hold a session on the first Monday after the second Tuesday in October to receive reports from the school trustees of the receipts and expenditures of the school revenue; that besides receiving said reports they had pretended to transact other business, and adjourned from day to day till Thursday, the 20th, as aforesaid; that said pretended session for the transaction of the general business of the county, or for the transaction of any business pertaining to the construction of gravel roads, or of receiving petitions therefor, or for the appointment of viewers and surveyor or engineer to examine, view and lay out the same, was unauthorized by any law then in force, and was absolutely void, and its acts were of no binding force or validity whatever. Wherefore the appellant prayed that said taxes be declared illegal and void, and that the appellees be enjoined from collecting or attempting to collect the same, or any part thereof, and for all other proper relief.

The question presented for our consideration, by the ruling of the court below on the demurrer to the complaint, is, Were the proceedings of the board of commissioners, recited in the complaint, illegal and void? The case of *Columbus, etc., R. W. Co.* v. *Board, etc.*, 65 Ind. 427, is directly in point and decisive of the question. It was an action to enjoin the collection of a tax levied by the board of commissioners of Grant county, pursuant to an order of the board made at a special session thereof not legally convened, granting the prayer of a petition for an election by the voters of a township upon a proposed appropriation to aid in the construction of a railroad. The complaint, in that case, averred, among other facts, that " the board of commissioners of Grant county were not in legal session on the 15th day of April, 1874, when the petition was presented, asking that Mill township might make an appropriation to aid said Cincinnati, Wabash and Michigan Railroad Company in the construction of its railroad through said township, and when the order was made that the polls be opened for the votes of said township

on the subject of said appropriation; that the board was not in general session, because the law prescribed another and different time for such general session; that the board was not legally in special session, because no summons had been issued by the auditor or any other officer of Grant county to the sheriff of said county, convening said board on that day, or on any previous day, from which the board had adjourned to that day; that no such notice was served on said board nor on a majority thereof, nor was six days' notice given of said special session, nor was there, in the opinion of the officer calling said board, an emergency requiring a shorter time; and that said pretended special session of said board was unauthorized by any law of this State then in force, and was absolutely void, and its acts were of no binding force or validity whatever."

A demurrer was sustained to the complaint, and final judgment, ón demurrer, was rendered against the plaintiff, from which it appealed to this court. It was there said by this court, per HOWK, C. J., in considering the sufficiency, on demurrer, of the averments in the complaint above set forth : " It seems to us that the appellant's complaint in this case stated facts sufficient to show a present cause of action, when the suit was commenced. If the facts stated in the complaint were true, and as they were well pleaded the appellees' demurrers admitted their truth, the taxes levied and assessed by the board of commissioners of Grant county, upon the appellant's property in Mill township, in said county, to aid the Cincinnati, Wabash and Michigan Railroad Company in the construction of its railroad, were clearly illegal, invalid and void. The proceedings, which led to the levy and assessment of the taxes sought to be enjoined, were evidently intended to be had and held under and pursuant to the provisions of the act of May 12th, 1869, authorizing counties and townships to aid in the construction of railroads. It was indispensably necessary, we think, to the legality of those taxes, that the proceedings in question, in their inception and in every ma-

terial step subsequently taken, should have conformed strictly to the requirements of the statute. If it be true, as alleged in the complaint, that the board of commissioners of Grant county were not in legal session, when the petition was presented for an appropriation by Mill township to aid in the construction of said railroad, and when the order was made for submitting the question of such appropriation to the votes of the legal voters of said township, it is clear that the proceedings of the board were illegal in their inception, and that the levy and assessment of taxes pursuant thereto were illegal, invalid and void." For the error of the court below in sustaining the demurrer to the complaint the judgment was reversed.

It will be observed that the averments of the complaint in the case cited, and in the one under consideration, so far as they related to the invalidity of the orders of the board of commissioners in each case, were substantially alike. Believing, as we do, that the law was properly enunciated in the case cited, and adhering to that decision, as a correct exposition of the law, we must hold, in this case, that the court below erred in sustaining the demurrers to the complaint.

The only difference between the two complaints is, that in the one under consideration it was averred that the board of commissioners asserted the right to make the order in question, because the statute authorizes the board to hold sessions on the first Monday after the second Tuesday in October, to receive reports from the school trustees of the receipts and expenditures of the school revenue, and that said order was made while the board was then in session. By an examination of the statute authorizing the holding of such sessions of the board of commissioners, R. S. 1881, section 4441, it will be seen that such sessions are to be held for the sole purpose of receiving from the school trustees the reports therein mentioned and taking action thereon. The board has no power, at such sessions, to transact any other busi-

ness, and hence the order in question was, for the reasons above stated, a nullity.

The court erred in sustaining the demurrers to the complaint, and for the error so committed the judgment should be reversed.

PER CURIAM.—The judgment of the court below is reversed at the costs of the appellees, and the cause is remanded with instructions to the court to overrule the demurrers to the complaint, and for further proceedings in accordance with this opinion.

Filed April 2, 1885.