Hobbs *et al. v.* The Board of Commissioners of Tipton County.

———————————

No. 11,850.

HOBBS ET AL. *v.* THE BOARD OF COMMISSIONERS OF TIPTON COUNTY.

GRAVEL ROAD.—*Delay in Acting upon Petition.*—Mere delay of the board of commissioners in taking action upon a petition for the establishment of a free gravel road does not render proceedings afterwards had thereunder void.

SAME.—*Viewers Must Meet at Time Designated.*—*Notice.*—*Jurisdiction.*—Where the viewers appointed under a petition for a free gravel road do not meet at the time designated in the order appointing them, and in the notice given pursuant thereto, they can exercise no jurisdiction, and their acts are void.

SAME.—*Taxes.*—*Injunction.*—Injunction will lie to restrain the collection of taxes where the proceedings of the board of commissioners are void.

From the Tipton Circuit Court.

*J. W. Kern, B. F. Harness* and *J. Jones,* for appellants.

*R. B. Beauchamp,* for appellee.

ELLIOTT, J.—The material averments of the appellants' complaint, exhibited in a condensed form, are these: On the 1st day of March, 1880, a petition was presented to the board of commissioners praying for the ·establishment of a free gravel road; no action was taken on this petition until the June term, 1881; at that time three viewers and a surveyor were appointed and ordered to meet on the 22d day of August, 1881; it was also ordered that the auditor give notice of the time and place fixed for such meeting, and that the viewers should make a report at the term of the commissioners' court following their meeting. The viewers did not meet at the time appointed, nor did they meet until October, 1881, and, instead of making the report, as directed, at the June term, 1881, they appeared, asked and obtained a continuance. No report was made at the December term, 1881, but, on the 9th day of that month, a report was prepared, and, on the 13th day of the same month, filed with the auditor. The plaintiffs had no notice of the time and place of meeting of the viewers and could not ascertain when they proposed to view the lands sought to be assessed, nor did the plaintiffs know at what time the viewers would make their report. On the 22d day of March, 1882, the report was submitted to the board and was approved; viewers were then appointed to view the lands and make assessments. At the same session the auditor was directed to give notice when the report of the viewers last appointed should be filed. On the 14th day of April, 1882, the contract for constructing the road was let, and an order made directing the issue of the bonds of the county to the amount of $16,000. The viewers were directed to meet on the 15th day of May, 1882, and take an oath or affirmation to faithfully perform their duties. The viewers did not enter upon or view any of the lands of

the plaintiffs, nor did they view or assess benefits upon all the lands included in the report of the viewers first appointed, nor did they view all the lands benefited. The assessments upon the lands of the plaintiffs are inequitable and unjust. The amounts of the assessments are specified, and averments made in detail showing that they are inequitable. Prayer for an injunction.

We do not concur with appellants' counsel that the delay in acting upon the petition renders the proceedings void. The plaintiffs were not injuriously affected by the delay, for they were not required to take notice of the petition until notified in the manner provided by law. If the delay had occurred after they were brought in by notice, a more serious question would arise.

The failure of the viewers and surveyor to meet at the time appointed presents a serious question. Of the time appointed for the meeting the statute imperatively requires that notice shall be given, and notice is always a fundamental requisite to the validity of such proceedings as those described in the complaint. The statute also provides that "It shall be the duty of the said viewers and surveyor or engineer to meet at the time and place specified by said commissioners." R. S. 1881, sections 5092, 5093.

We regard the publication of notice as essential to the validity of the proceedings, for unquestionably it is a jurisdictional matter. If the notice is essential, then a proceeding that frustrates its purpose and renders it fruitless can not be valid. The purpose of a notice is to afford a party his day in court, and to give him a hearing upon the matter upon which an action of a judicial character is to be taken.

If the viewers and the surveyor do not meet at the time designated, the notice subserves no useful purpose; quite as well have no notice at all as to permit the viewers to disregard it and hold their meeting at a time different from that designated in the notice. The land-owners were not bound

to appear at a time fixed by the viewers, and of which they had no notice. The viewers could have no jurisdiction except such as the order of the commissioners conferred, and if they did not meet at the time designated in the order appointing them, and in the notice given pursuant to that order, they could exercise no jurisdiction at all. Viewers are appointed for a special purpose, invested with limited powers, and are not a permanent body. They have no continuous existence, and no regular terms; they are called into existence for a specific purpose, and are only authorized to act at a designated time and place. Notice of the time and place is indispensably necessary to their jurisdiction, for without notice they can not lawfully meet and transact business. If notice is essential to jurisdiction, then a meeting at a time different from that specified in the notice is unauthorized, and no valid act can be done. The want of notice, where notice is required in proceedings to levy a tax for the construction of a gravel road, saps the foundation of the proceedings, for without notice there is no jurisdiction, and where there is no jurisdiction the proceedings are utterly destitute of foundation. *Strosser* v. *City of Fort Wayne,* 100 Ind. 443, p. 456; *Wright* v. *Wilson,* 95 Ind. 408; *Campbell* v. *Dwiggins,* 83 Ind. 473; *Tyler* v. *State, ex rel.,* 83 Ind. 563; *Troyer* v. *Dyar,* 102 Ind. 396; *Jackson* v. *State, etc., ante,* p. 250.

The failure to give notice is not a mere irregularity; it is a failure to do the thing that authorizes any action by the viewers. The notice is essential to their authority; without it they have no power to take a single step. If they meet at a time different from that specified in the notice, they meet without authority, and lacking authority they can do no valid act as against land-owners who may be affected by their action. Such a case as this is not within the decisions in *Cauldwell* v. *Curry,* 93 Ind. 363, and cases of that character, for the reason that the want of notice is not a mere irregularity.

The case is not within the rule declared in *Brown* v. *Goble,* 97 Ind. 86; *Stout* v. *Woods,* 79 Ind. 108; *McAlpine* v.

*Sweetser,* 76 Ind. 78; *Hume* v. *Conduitt,* 76 Ind. 598; *Muncey* v. *Joest,* 74 Ind. 409. That rule is this: Where there is notice, although defective, the proceedings are not void. The question in the present case is, not as to the character and effect of the notice, for there was no notice of any kind authorizing a meeting in October, 1881. The notice required by section 5092 is the first one required, and upon it depends the jurisdiction of the matter. It is this notice which brings information to the land-owner that it is proposed to lay an assessment upon his land, and if no such notice is given, or if the viewers do not meet at the time designated, he can have no information of the proceedings against him. This is the notice that calls him into court, and without it he is not in court. If it calls him to meet the viewers at a designated time, and there is no meeting of the viewers, he is not bound to again, day by day, appear, but may regard the notice as having spent its force. The case is not at all similar to that of a court of a permanent character having regular terms, for the viewers have very narrow powers and very limited jurisdiction; they do not have regular terms nor continuous existence. They have no power to meet at any other time than that designated in the order and notice for the purpose of organization, and, whatever may be their authority after the first meeting and organization, they can not disregard the order and notice. They have no power to fix at their own pleasure the time and place of the first meeting. If not organized on the day fixed, they can not become a legal body without a new order and notice.

This case is to be carefully discriminated from cases where notice is given of the filing of the petition, for in such cases the notice given upon the filing of the petition will confer jurisdiction, and irregularities in subsequent proceedings would not make the proceedings void. Here, the notice which first brings the land-owners into court is that provided for by section 5092, and if that notice is not given, or

if it is wholly disregarded, no jurisdiction is acquired. If the statute provided for notice of the filing of the petition, and one was given, then, disregard of subsequent notices would be irregularities not going to the question of jurisdiction. Once jurisdiction is acquired, errors and irregularities avail nothing on a collateral attack such as this, but where there is no jurisdiction the whole proceedings are a nullity.

Counsel for appellees says, that the Legislature has power to prescribe the kind of notice that shall be given, and refers us to *Scott* v. *Brackett*, 89 Ind. 413; Wade Law of Notice, 21; Cooley Const. Law (5th ed.), 499; *Cupp* v. *Board, etc.*, 19 Ohio St. 173, 182. We agree with counsel upon this proposition, but no benefit can be secured from it by the appellees. This we say, because the question is not as to the power of the Legislature, but as to the power of viewers who have wholly disregarded the order and notice which invested them with all the authority they possessed.

We do not question the decisions in the cases of *Coolman* v. *Fleming*, 82 Ind. 117, *Muncey* v. *Joest, supra*, *Million* v. *Board, etc.*, 89 Ind. 5, that the board of commissioners has general jurisdiction of the subject of free gravel roads. On the contrary, we affirm as we have often done, that these cases assert the true rule, but they do not bear upon this case, for here the point is that there was no jurisdiction of the person. Jurisdiction of the person is as essential as jurisdiction of the subject-matter, and that jurisdiction did not exist in this instance.

This case is radically different from cases where notice requisite to confer jurisdiction is given and jurisdiction attaches. In such cases the failure of the viewers to meet at the time appointed, or to report at the time designated, would not vitiate the proceedings. Nor would proceedings in such cases be erroneous if the time for meeting was changed by order of court. But the question here is very different from any that could arise in a case where jurisdiction had been acquired.

Here the authority to meet and organize was limited to the time fixed in the order and notice. The board of commissioners itself can do no valid act, as has been expressly decided in cases like this, unless convened according to law. *Fahlor* v. *Board, etc.,* 101 Ind. 167; *Columbus, etc., R. W. Co.* v. *Board, etc.,* 65 Ind. 427.

The viewers could have no legal existence as a *quasi* judicial tribunal except by meeting and qualifying in a legal manner.

If the viewers had met according to law, and the appellants had once been brought within the jurisdiction of the board of commissioners, a very different case would have been presented. We have no doubt that parties once in court are bound to take notice of subsequent proceedings, and if they are irregular attack them by an appeal. But here the plaintiffs were not at any time in court, for the only notice which gave jurisdiction had spent its force, and the only way in which they could be required to again appear was by the giving of a new notice. The first notice was *functus officio,* when the time for a legal organization of the committee of viewers expired without any action having been taken upon the notice. It can make no difference that only forty days after the time fixed by the notice the viewers did meet and organize, for the principle is the same whether the first meeting takes place forty days, forty months, or ten years after the appointed time.

Injunction will lie to restrain the collection of taxes where the proceedings of the board of commissioners are void. *Fahlor* v. *Board, etc., supra; Bishop* v. *Moorman,* 98 Ind. 1 (49 Am. R. 731); *Brown* v. *Goble, supra; Columbus, etc., R. W. Co.* v. *Board, etc., supra.*

Judgment reversed.

Filed Nov. 17, 1885.