No. 16,739.

## YOCUM, AUDITOR, v. FIRST NATIONAL BANK OF BRAZIL.

TAXES.—*County Board of Review.*—*Time of Legal Expiration of Session.*—*How Computed.*—The rule for the computation of time fixed by section 1304, R. S. 1894, excluding the first and including the last day, unless the last day be Sunday, when it shall be excluded, governs in determining the legal expiration of the session of the county board of review, which, by section 8533, is limited to eighteen days, and, therefore, intervening Sundays must be included.

SAME.—*County Board of Review.*—*Void Order.*—An order of the county board of review of taxation, made after its legal session, as fixed by section 8533, R. S. 1894, had ended, is void.

SAME.—*Payment or Tender of Payment of Taxes Due.*—*Injunction.*— The payment or tender of payment of taxes admitted to be due, upon the basis of the original valuation of the capital stock of a bank, is not a condition precedent to an action to annul an order by the county board of review, under the statute, increasing the previous valuation, where the attack is directed against the increase as an entirety.

From the Clay Circuit Court.

*J. A. McNutt* and *Matson & Luther*, for appellant.

*G. A. Knight* and *A. W. Knight*, for appellee.

MONKS, J.—The board of review of Clay county, on the 25th day of July, 1891, entered an order increasing the valuation of appellee's capital stock $16,000.00, and thereafter, on September 30, appellee filed a complaint against appellant in the court below and sought to have said order annulled and declared void, and to enjoin appellant from entering said increased assessment of $16,000.00 upon the tax duplicate of said county and computing the tax levy

thereon, and for all general and equitable relief in the premises.

The ground stated in the complaint upon which relief is asked, so far as necessary to the determination of this cause, is as follows:  That at the time the county board of review made the order in question its legal session, as fixed by law, had expired, the law limiting its session to eighteen days.  See Acts 1891, p. 248, section 115  (R. S. 1894, section 8533).  It is also alleged that section 8532, R. S. 1894 (section 114, p. 245, Acts 1891), provides:  "That the board of review shall meet  *  *  *  *  on the first Monday of July annually."  That the day of meeting occurred in 1891 on the 6th day of July, and the legal session of the board expired on July 23d, but that the order increasing the valuation of appellee's stock was not made or entered until July 25, or two days after the board of review had any right or power to sit, and that said order was absolutely void."

Appellant demurred for want of facts, which demurrer was overruled and an exception reserved by appellant, who refused to answer, and the court rendered its decree adjudging that said order was null and void and enjoining appellant according to the prayer in the complaint.  From this decree the appeal is taken, and in this court two errors are assigned, each of which questions the sufficiency of the complaint for want of facts.

The first objection urged against the sufficiency of the complaint is based upon the want of an averment that appellee has paid  or tendered payment of the taxes "which the averments of the complaint confess the appellee is liable for."

This averment is not necessary in this form of action, which only seeks to set aside an alleged in-

valid and void assessment. If the complaint were to enjoin the collection of taxes, part of which were legal and part illegal, the complainant would be required to pay or tender payment of the legal part, and this averment would be necessary before injunctive relief would be granted; but that is not this case, nor is this case within the principle or rule which requires such averment to be made. This action is to set aside and annul a particular order alleged to be void, whereby a specific sum, to-wit: $16,000.00, it is averred was illegally added to the assessed value of appellee's property. The relief sought is confined exclusively to this assessment, which is alleged to be void, and wherever this is the case, this court and other courts have held that the averment of payment or tender of payment of the legal taxes need not be made.

In the case at bar it is claimed that no part or portion of the $16,000.00, attempted to be assessed by the board of review, is legal—that it is all void and all should be held for naught.

The decisions and text writers abundantly sustain this view, that in such cases as this the averment of payment or tender is wholly unnecessary.

In the *Board, etc.,* v. *Gruver,* 115 Ind. 224, Elliott, J., in speaking to this question, says: "But while we assert the rule"—as above stated—"we deny its application to this case. Here the plaintiff denies that any part of the assessment levied in June, 1884, is valid. She affirms, and the facts she pleads sustain her affirmation, that all of that assessment is void. She concedes nothing as to that assessment; on the contrary, her assault is directed against it as an entirety. Nor does the attack rest upon the theory that there was merely some irregularity in the proceedings of the officers; the theory of the attack is, that the assessment of 1884 was utterly void because there

was an entire absence of jurisdiction. The appellee strikes successfully at the foundation and proves the invalidity of the entire assessment."

It is where some of the taxes sought to be avoided are legal that a tender of them is necessary before injunction will be granted to restrain the collection of those that are illegal. *City of Logansport* v. *McConnell*, 121 Ind. 416, at p. 419.

In this case appellee claims that the entire assessment of appellee's capital stock, made by the board of review in 1891, was illegal and void. The attack is upon the whole assessment, not a part of it. Appellees claim is that the whole assessment of $16,000 made by the board of review is a nullity. *Hyland, Aud.*, v. *Brazil Block Coal Co.*, 128 Ind. 335; *Hyland, Aud.*, v. *Central Iron and Steel Co.*, 129 Ind. 68 (13 L. R. A. 515). "If the tax is void plaintiff need not offer to pay any part of his taxes ; he is under no obligation to pay or tender anything." Cooley Tax., p. 764, note 1 ; *Albany, etc., Bank* v. *Maher, Rec.*, 9 Fed. Rep. 884.

The remedy by injunction against an illegal and void tax is the proper one as this court has many times decided. *City of Delphi* v. *Bowen*, 61 Ind. 29, and the authorities therein cited ; *Sunier* v. *Miller, Aud.*, 105 Ind. 393 ; *Smith* v. *Clifford*, 99 Ind. 113 ; *Cauldwell* v. *Curry*, 93 Ind. 363; *Bishop* v. *Moorman*, 98 Ind. 1, and authorities cited therein; *Riley* v. *Western, etc., Tel. Co.*, 47 Ind. 511 ; *Shoemaker, Aud., etc.*, v. *Board, etc.*, 36 Ind. 175; *Town of Williamsport* v. *Kent*, 14 Ind. 306 ; *Toledo, etc., R. R. Co.*, v. *City of Lafayette*, 22 Ind. 262 ; *Miles, Treas.*, v. *Ray*, 100 Ind. 166 ; *Knight* v. *Flatrock, etc., Turnp. Co.*, 45 Ind. 134 ; Cooley Tax., pp. 746, 747, 773 ; *Hobbs* v. *Board, etc.*, 103 Ind. 575.

"The owner of real estate may, by injunction, pre-

vent a cloud being cast upon his title." *Thomas* v. *Simmons*, 103 Ind. 538 ; *Bishop* v. *Moorman, supra* (49 Am. R. 731); *Petry* v. *Ambrosher*, 100 Ind. 510.

Where a tax is a lien upon property, equity interferes to remove the cloud. Cooley Tax., pp. 746, 747, also p. 761; *Schulenberg, etc., Lumber Co.* v. *Town of Hayward*, 20 Fed. Rep. 422; *Wells, Fargo & Co.* v. *Town of Dayton*, 11 Nev. 161.

A court of equity always lends its aid to remove a cloud upon title. It is conceded by counsel for appellant that if at the time the board of review increased the valuation of appellee's capital stock, it was not legally in session, such act was void and appellee was entitled to the relief given by the court below.

Section 8532, R.S. 1894, creating the county board of review, requires that it shall meet on the first Monday after the fourth day of July, and section 8533, R. S. 1894, provides that "the duration of the session of the board of review shall not exceed eighteen days." The legal session of the board in 1891 began on July 6 and the order of the board was made July 25. If Sundays are counted the order in question was made after the legal session had expired, but if Sundays are not counted then the legal session had not expired and the order was valid. The only question to be considered is whether Sundays are to be included or excluded in computing the length of the session.

In *English* v. *Dickey*, 128 Ind. 174 (13 L. R. A. 40), this court held that the provisions of section 6317, R. S. 1894, limiting the duration of the session of a board of commissioners when convened to try a contested election case to twenty days, is governed by section 1280, R. S. 1881 (section 1304, R. S. 1894), and that Sundays are excluded only as provided in that section; that

if a special session was convened for said purpose on December 4, its existence of twenty days would terminate by operation of law on December 24.

The court said: "The rule for the computation of time in such cases is fixed by section 1280, R. S. 1881 (section 1304, R. S. 1894), and is that the term shall be computed by excluding the first day and including the last, and if the last day be Sunday, it shall be excluded. This, of course, includes intervening Sundays." Under this rule of excluding the first day and including the last, if the board of review met on July 6 its existence would terminate on July 24.

It was provided in section 11, 1 G. & H., p. 322, "that the State board of equalization should not remain in session more than ten days."

In *State, ex rel,* v. *McGinnis, Aud.,* 34 Ind. 452, this court held that in counting the ten days, intervening Sundays should be counted. The court said: "We think it quite clear, both on principle and authority, that the time thus limited constitutes the term during which the State board may act, and that when the time has expired their functions are ended, and that any act done by them afterwards is without authority of law and void. It is like a term of a court, the duration of which is fixed by law, in which case the court has no authority after the expiration of the time limited."

This case was followed and approved in the following cases: *Shoemaker, Aud.,* v. *Board, etc.,* 36 Ind. 175 (182); *Jeffersonville, etc., R. R. Co.* v. *McQueen,* 49 Ind. 64 (73–75); *Newsom* v. *Board, etc.,* 92 Ind. 229 (232–233); *Hyland, Aud.,* v. *Brazil Block Coal Co.,* 128 Ind. 335 (339).

It follows that the order of said board of review having been made on the 25th day of July, the day

after its legal session, as fixed by law, had ended, the same was void.

The court, therefore, committed no error in overruling the demurrer to the complaint.

Judgment affirmed.

Filed March 10, 1896.