SMITH, AUDITOR MARION COUNTY, *v.* SMITH ET AL.

[No. 19,826. Filed November 6, 1902.]

TAXATION.— *Illegal Assessment.— Injunction.— Premature Action.* — In the absence of a showing of an especial necessity therefor, a court of equity will not grant a writ enjoining the county auditor from the placing of an alleged illegal assessment upon the tax duplicate. Such a suit being in advance of a threatened levy by the county treasurer, would be premature.

From Marion Superior Court; *J. L. McMaster,* Judge.

Suit by Delavan Smith and another against Harry B. Smith, auditor of Marion county, to enjoin defendant from placing upon the tax duplicate an alleged illegal assessment. From a decree for plaintiffs, defendant appeals. *Reversed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *Frank McCray* (*amicus curiæ*), for appellant. *F. Winter* and *C. Winter,* for appellees.

GILLETT, J.—On September 4, 1900, appellees commenced this action to enjoin appellant from entering upon the tax duplicate of Marion county for said year an increased assessment upon their partnership property, con-

sisting of personalty, of $354,723, made by the state board of tax commissioners. Appellees' said property was assessed by the township assessor in the sum of $45,277.34, and this amount they offer to pay. This action is so far a counterpart of the case of *Hart* v. *Smith, ante,* 182, that we may refer to the decision in that case for a further statement of the facts alleged in the complaint in this case. The Hart case was presented on the merits of the controversy, but in this case the Attorney-General makes the point that the action was prematurely brought.

It may be stated generally that it is required that there shall be some ground for equitable interference aside from the mere illegality of the tax to justify the interposition of equity. *Dows* v. *City of Chicago,* 11 Wall. 108, 20 L. Ed. 65 ; *State Railroad Tax Cases,* 92 U. S. 575, 613, 23 L. Ed. 663 ; *Union Pac. R. Co.* v. *Cheyenne,* 113 U. S. 516, 5 Sup. Ct. 601, 28 L. Ed. 1098 ; *Pittsburgh, etc., R. Co.* v. *Board, etc.,* 172 U. S. 32, 19 Sup. Ct. 90, 43 L. Ed. 354 ; 1 High, Injunctions, §484 *et seq.,* and many cases there cited.

It is the general disposition of the courts to require a careful showing of serious wrong and hardship imminently threatened by the enforcement of the tax, for which there is lacking a plain and adequate remedy at law, to justify the granting of the writ, because it is contrary to public policy unnecessarily to interrupt the ingathering of the public revenues. In *Dows* v. *City of Chicago, supra,* it was said by the Supreme Court of the United States at page 10 : "It is upon taxation that the several states chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible. Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of the government, and thereby cause serious detriment to the public. No court

of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law."

The execution of the legislative mandates respecting the assessment and collection of general taxes is intrusted to administrative officers in the executive department of the government, and the fact that a court, in the exercise of its chancery powers, is wanting in authority to order such officers to proceed, after it has stopped them by its writ, is a reason why this jurisdiction should be exercised only in cases of substantial necessity. 1 High, Injunctions, §487; *State Railroad Tax Cases, supra; Pittsburgh, etc., R. Co.* v. *Board, etc., supra.* The observation applies with especial force to applications for the writ against the making of the assessment, since the practical effect of granting writs under such circumstances would often be to relieve from a tax that ought in justice to be paid.

It would not only be improper, but exceedingly injudicious, for us to attempt to state here the circumstances under which a court should entertain an application to be relieved from a tax by injunction, where the application is made in advance of the time that the treasurer is threatening or seeking to levy. There have been decisions of this court upholding such applications. *State Board, etc.,* v. *Holliday,* 150 Ind. 216, 42 L. R. A. 826; *Yocum* v. *First Nat. Bank,* 144 Ind. 272. Both of these applications rested upon equitable grounds. In the Holliday case the only question considered was as to the power of the state board of tax commissioners to provide for the taxation of paid-up life insurance policies, while in the Yocum case it appears from the opinion that the right to the relief sought was conceded by opposite counsel, if the assessment was invalid.

The question arises whether a party entitled to enjoin a tax sale should not, even where his title is clouded, be com-

pelled to wait until the duplicate containing the objectionable assessment goes into the hands of the treasurer, and he is threatening or about to levy. It is our opinion that in the absence of a showing of an especial necessity for earlier interference he should be compelled thus to wait, because of considerations of public policy. The spreading of the assessment on the duplicate is not what creates the lien, and the objecting taxpayer knows that, in the orderly course of official procedure, the assessment will soon be open to his attack. If he succeeds, his property is relieved of the cloud without unreasonable delay, while if he fails, the assessment is in the hands of the official who is charged with the duty of collection without undue delay. The sale of real estate would cloud the title thereto, and therefore that may be a sufficient reason for enjoining the sale; but after the assessment is made there would be no ground to interpose to prevent a cloud being cast on the title by putting the assessment on the duplicate, because the title is already clouded to practically the same extent by the making of the assessment.

It is well settled in this State that equity will enjoin a threatened sale of real estate for taxes where the assessment is wholly void. *Greencastle Tp., etc., v. Black,* 5 Ind. 557; *City of Lafayette* v. *Jenners,* 10 Ind. 70; *Toledo, etc., R. Co.* v. *City of Lafayette,* 22 Ind. 262; *Jones* v. *Summer,* 27 Ind. 510; *Shoemaker* v. *Board, etc.,* 36 Ind. 175; *Pugh* v. *Irish,* 43 Ind. 415; *Sim* v. *Hurst,* 44 Ind. 579; *City of Delphi* v. *Bowen,* 61 Ind. 29, 33; *Goring* v. *McTaggart,* 92 Ind. 200; *Bishop* v. *Moorman,* 98 Ind. 1, 49 Am. Rep. 731; *Hobbs* v. *Board, etc.,* 103 Ind. 575; *Fleener* v. *Claman,* 112 Ind. 288; *Yocum* v. *First Nat. Bank,* 144 Ind. 272. In many states the taxpayer would in most instances be left to his remedy at law, but the right to injunction, where it is sought to sell real estate to satisfy taxes, has been put in this State upon our injunction statute,—§1162 Burns 1901 *(Sim* v. *Hurst, supra),*—and upon the more

substantial ground stated in *Bishop* v. *Moorman, supra,* where this court, at page 2, said: "The sale of land under color of judicial process is more than a mere fugitive trespass. It is the assertion of a permanent right to the land and a full denial of the owner's title, and the rule is, that where there is an assertion of a permanent right to land the owner may maintain injunction if the right asserted is unfounded." Although our decisions upon this point are not in accord with those of many courts of great respectability, we remain content with our position as manifested by the case last cited.

The fact that personal property that has been seized by the treasurer can not be replevied *(Adams* v. *Davis,* 109 Ind. 10; *Maple* v. *Vestal,* 114 Ind. 325; *Town of Andrews* v. *Sellers,* 11 Ind. App. 301; Cobbey, Replevin (2d ed.), §333 *et seq.),* may, when coupled with other circumstances showing the want of a complete and adequate remedy at law, justify the use of the remedy of injunction in such cases. *Allen* v. *Winslandly,* 135 Ind. 105; *Owens* v. *Gascho,* 154 Ind. 225. But we are persuaded that, in all cases not involving some extraordinary necessity for the earlier issuing of the writ, it ought not to be granted before the duplicate is in the hands of the treasurer, and he is threatening or about to collect the tax. There is authority in this State that fully supports this proposition. In *Sim* v. *Hurst, supra,* it is said at page 589: "There is a defect in the second paragraph of the answer which, we think, renders it bad; and that is, that although it alleges that the auditor made the assessments in August, 1867, placed them upon the tax duplicate of the county, and delivered it to the treasurer, it is not shown that the treasurer was about to collect or was threatening to collect the same, so as to afford the plaintiffs a right to injunctive relief at any time before the action was commenced. In the case of *Greencastle Tp., etc.,* v. *Black,* 5 Ind. 557,— a leading authority in favor of the remedy by injunction to restrain the col-

lection of illegal taxes,—the complaint showed that a duplicate had issued to the county treasurer to collect and pay over the taxes to the township, and that the treasurer was threatening to collect and would collect them, unless restrained."

It was observed by Frazer, J., speaking for the court in *Jones* v. *Summer,* 27 Ind. 510, that "The decisions of this court heretofore, in restraining the collection of taxes, have gone to the utmost extent of authority." This is our present view, and while we believe that the courts may properly interfere in favor of a suitor who has just and equitable grounds for an application to stay the hand of the officer who is seeking to enforce a void assessment, yet we think that the courts ought, in all ordinary cases, to balance, so to speak, the demands of the State, that ought not to be delayed in the collection of its revenues, and the claims of a suitor who makes the proper preliminary showing for a temporary restraining order or temporary injunction, and to grant the latter the preventive power of the court only at that stage of the proceedings when his substantial right may be protected, if it turn out that he has one, with the minimum amount of prejudice to the public, if, upon investigation, it turn out that the writ was improvidently issued.

In our opinion, this action was prematurely commenced. On this ground, at least, the demurrer ought to have been sustained. In so far as this case involves the validity of the additional assessment made by the state board of tax commissioners, we may observe that the case of *Hart* v. *Smith, ante,* 182, is to be regarded as a ruling precedent.

Judgment reversed, with an order to the court below to sustain the demurrer to the complaint.