ASHER *v.* EVERLY, AUDITOR, ET AL.

[No. 16,540.   Filed March 25, 1941.]

*Q. Austin East,* of Bloomington, for appellant.

*Claude Hoskins* and *Arthur T. Hoadley,* both of Spencer, for appellees.

CURTIS, C. J.—The appellant, being the equitable owner of a certain piece of real estate in the Town of Gosport, Indiana, filed her complaint, which the trial court construed to be a complaint for a temporary restraining order and permanent injunction against the appellees to restrain them and each of them from selling the said property for the payment of a special assessment lien in the amount of $35.44 against said real estate levied by the said town, it being alleged in said complaint that an irregular notice of said sale had been given. The trial court granted a temporary restraining order without notice. The complaint was answered in general denial by each of the appellees.

Upon final hearing after notice, the court entered its judgment dissolving the restraining order and denying the appellant any relief sought and for costs. From that judgment this appeal has been prosecuted.

The appellant seasonably filed a motion for a new trial which was overruled. The causes or grounds of the motion are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

This assignment of error requires a consideration of the evidence.

The appellant in her brief does not make "a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely" as required by subdivision (e) Rule 2-17 of the rules of the Supreme Court and of this court (1940 Revision) when "the insufficiency of the evidence to sustain the verdict or finding of fact or law is assigned." The most the appellant does is to make some of her own observations as to the evidence in that part of her brief headed "Propositions, Points and Authorities" with no reference to any page of the transcript where such evidence can be found. Neither the complaint nor its substance is contained in the appellant's brief; but, in an effort to ascertain what the case is about, we have taken the pains to read the transcript which contains a copy of the complaint and a stipulation between the parties as to what the evidence was, the evidence not having been taken down at the trial by a reporter. It would seem that some contractor had been employed by the said town to construct a concrete curb and retaining wall along the street in front of the appellant's said real estate. On account of this improvement, a special assessment was levied by the town against her said property in the

amount of $35.44. The regularity of the proceedings leading up to the making of the assessment is in no wise questioned and neither is the amount of the lien. However, the improvement proved to be poorly done. It cracked and some of it fell out. The town got a settlement with the bonding company on the contractor's bond on account of the defective work but it did not pay the appellant the money so received. This action followed the attempt of the appellees, Everly as Auditor of Owen County and Stone as Treasurer of said county, to sell said real estate to pay said assessment lien, said assessment lien having been certified by the said town to said county officials for such purpose.

It is our conclusion that the appellant, under the facts, has no right to proceed by restraining order and injunction. She may possibly have a right of action against the said town if it owes her anything on account of its said dealings with the bonding company. This question is not before us and we express no opinion in that regard. The special assessment proceedings are not questioned and the owner of the said lien is in no way affected by the action of the town in making said settlement with the bonding company. Whoever owns this lien is entitled to have it enforced in the statutory way. The rule in this state is clear, as a matter of equity, that one who owes an obligation, secured by a valid lien of the kind under consideration, cannot avail himself of a mere naked irregularity or neglect of forms to shield himself by an extraordinary writ of injunction. If an injunction is to be issued, he must rely upon more than mere naked irregularities and neglect of forms and must have some substantial equity to protect. In the case of *Jones, Auditor of Benton County, and Another* v. *Summer* (1867), 27 Ind. 510, the court in speak-

ing of one who sought an injunction to prevent the collection of a tax said: "But when he appeals to a court of equity, and invokes its extraordinary writ of injunction, he must rely upon some substantial equity, and cannot avail himself of naked irregularities, or neglect or mere forms, to shield himself from a liability confessed to be just." The court then said that to hold otherwise, the collection of public taxes would "be constantly arrested at the instance of those who seek to escape their just share of the public burdens." See also: *Reynolds, Auditor* v. *Bowen, Admr.* (1894), 138 Ind. 434; *Hunter Stone Company* v. *Woodard, Treasurer* (1899), 152 Ind. 474, 53 N. E. 947.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 32 N. E. (2d) 744.